IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **KATHERINE SUE ROGERS,** § § **Plaintiff,** § § **vs.** § § **WAL-MART STORES EAST, LP,** § § **Defendant.** § | **No. 3:19-cv-00056** **JURY DEMAND** |

## COMPLAINT

This is an action for personal injuries sustained by Plaintiff Katherine Sue Rogers on December 24, 2015, in a fall on Defendants' premises located at 2824 Appalachian Highway, Jacksboro, Campbell County, Tennessee 37757. For her cause of action, Plaintiff pleads as follows:

### JURISDICTION

1. The jurisdiction of this Court, pursuant to 28 USCA §1332, is founded upon the diversity of citizenship of the parties and the amount in controversy which, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000).

### PARTIES

2. Plaintiff is a U.S. citizen and a resident of Sevier County, Tennessee currently residing at 2545 Covington Circle, Sevierville, TN 37876.

3. Defendant Wal-Mart Stores East, LP, is a limited partnership organized and existing under the laws of Delaware with its principal place of business located at 702 SW 8th Street, Bentonville, AR 72716-0555. Defendant Wal-Mart Stores East, LP may be served via its

registered agent for service - CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

## FACTS AND ALLEGATIONS

4. At all times herein material, Defendants Wal-Mart Stores East, LP (hereinafter referred to as "Defendant" and/or "Wal-Mart" individually and collectively operated for profit the Wal-Mart Super Center designated as Store #1466 located at 2824 Appalachian Highway, Jacksboro, Campbell County, Tennessee 37757.

5. On December 24, 2015, Plaintiff entered and became a patron of the subject Wal-Mart Super Center with certain members of her immediate family.

6. As Plaintiff proceeded down an aisle of the store she unexpectedly encountered and contacted an empty skid or pallet which caused her to fall hard upon the floor.

7. On information and belief, the skid and/or pallet was made of polyethylene or similar material and had been emptied of products or items but left unmarked and unattended within the aisle and walkway.

8. The fall caused Plaintiff to suffer, *inter alia*, severe and painful injuries to her shoulders, legs, and lower back and caused multiple contusions and headaches.

9. Defendant owed Plaintiff and other patrons a duty of reasonable care in making the Super Center premises safe including patrons traversing the subject store aisle.

10. At all times material, Defendant, through their agents and employees, knew or should have known that store patrons would traverse the subject aisle and while doing so their attention would be drawn away from the aisle floor, and an empty pallet upon said floor, and toward merchandise displayed for sale at or above eye level on aisle shelves and/or other displays.

11. On information and belief as of December 24, 2015, Defendant had policies and/or procedures in effect directing employees: a) not to place or leave empty merchandise skids and/or pallets within aisles or on the floor; b) requiring employees as they walk anywhere within the store to visually scan floors for any and all potential or actual slip and fall or other safety hazards and c) to perform periodic "safety sweeps" or inspections of all departments and aisles, including the subject aisle, to, *inter alia*, rearrange or front merchandise, remove empty displays, empty skids and/or pallets and to immediately notify a manager and/or personally eliminate items or conditions on a floor which constituted a trip or fall hazard.

12. On information and belief, said policies and procedures are based on retail industry best practices for the safe management of aisles, displays and customer safety.

13. Despite Defendant's superior knowledge and internal policies and procedures, the skid and/or pallet which caused Plaintiff's fall and injury had been negligently placed and/or left within the aisle for an unreasonable period of time and in a position on the aisle floor such that: a) patrons would not expect to encounter the skid/pallet there; b) patrons walking with or without a shopping cart in the subject aisle would be distracted and/or have their view of the skid or pallet wholly or partially obstructed; and c) the skid or pallet created a known and foreseeable trip and fall hazard for patrons using the subject aisle.

14. Defendant, through its agents and/or employees, violated its own policies and procedures and were negligent in placing or leaving the skid/pallet on the aisle floor as opposed to removing it or warning of it once it was empty or no longer being used.

15. In the alternative, Defendant, through its agents and/or employees, violated its own policies and procedures and were negligent in failing to timely perform a "safety sweep" or inspection of the aisle floor and/or to timely remove and/or warn of the skid/pallet which created

an unreasonably dangerous fall hazard for patrons within the subject aisle.

16. Defendant was negligent in failing to properly train, or to enforce training upon, employees concerning internal policies and procedures for the use, placement and/or removal of product skids or pallets; the inspection of aisle floors; and/or the timely removal of or warning for empty skids or pallets.

17. Defendant was negligent in that its method of operation created, or would likely allow to exist, an unreasonably dangerous condition for patrons shopping in the subject aisle and near the subject skid/pallet.

18. As a direct and proximate result of Defendant's negligence and/or method of operation, an unreasonably dangerous condition existed upon the Super Center premises in the form of the skid/pallet in the aisle floor on which Plaintiff fell.

19. As a direct and proximate result of Defendant's negligence and/or method of operation, Plaintiff suffered serious and painful personal injuries which required medical treatment and caused Plaintiff to incur significant medical expenses. As a result of her injuries, Plaintiff has suffered extreme embarrassment at the time of the fall followed by much physical pain, anxiety and distress and loss of enjoyment of life. Plaintiff's injuries may be permanent in nature resulting in future medical treatment and related expenses and future pain, anxiety, distress and loss of enjoyment of life.

20. Plaintiff is without fault in this cause.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands compensatory damages from Defendant in the amount of ONE HUNDRED SEVENTY-FIVE THOUSAND DOLLARS ($175,000) and for such further and general relief as the Court deems proper.

Plaintiff demands a jury to try this cause.

Submitted this the 14th day of February, 2019.

                        LAW OFFICE OF BURROUGHS & CAPPS

                        BY:    */s/ Michael T. Smith*
                                Stephen A. Burroughs, Esq., (BPR #19994)
                                Bryan L. Capps, Esq., (BPR# 19999)
                                Michael T. Smith, Esq., (BPR #37062)
                                Tony L. Sax, Esq., (BPR #36928)
                                9111 Cross Park Drive, Suite E-100
                                Knoxville, TN 37923
                                (865) 525-3773 Phone
                                (865) 637-2185 Fax
                                sburroughs@easttnlawyer.com Email
                                bcapps@easttnlawyer.com Email
                                msmith@easttnlawyer.com Email
                                tsax@easttnlawyer.com Email
                                *ATTORNEYS FOR PLAINTIFF*